## Milspaw's Appeal.

Findings of fact by master, which involved credibility of witnesses, sustained on appeal.

(Decided October 5, 1885.)

Appeal from a decree in equity of the Common Pleas of Warren County. Affirmed.

*Johnson, Lindsey, & Parmlee* for appellant.

*Roger Sherman* for appellees.

PER CURIAM:

Under the facts found by the master and confirmed by the court, this decree is right. An examination of the evidence, and a due consideration of the able argument of the counsel for the appellant, do not convince us that they erred therein. The case depended much on the credibility of witnesses. The master had

pass upon the necessity therefor. Kleminski's License, 164 Pa. 231, 30 Atl. 301; Reiger's License, 1 Pa. Dist. R. 461, 11 Pa. Co. Ct. 401, 9 Lanc. L. Rev. 211, 8 Montg. Co. L. Rep. 89; Gemas's License, 169 Pa. 43, 32 Atl. 88; Doberneck's Appeal, 1 Pa. Super. Ct. 99; Re Doylestown Distilling Co. 6 Pa. Super. Ct. 87, 41 W. N. C. 313. It has been held that the court cannot arbitrarily refuse the license without an expression of opinion, where no remonstrance is filed, and the fitness of the applicant has been certified to by many qualified voters. Johnson's License, 156 Pa. 322, 26 Atl. 1066; Winder's License, 24 Pa. Co. Ct. 90.

As to discretion as to granting liquor licenses in general, see editorial note to Sherlock v. Stuart, 21 L. R. A. 580.

---

NOTE.—See Bugbee's Appeal, 110 Pa. 331, 1 Atl. 273, where the general facts in this controversy appear. For the effect of findings of fact by the master, see note to Messinger's Appeal, *ante,* 1.

much better opportunity than we have to determine that question. We are not able to say that his conclusion is wrong.

Decree affirmed and appeal dismissed at the costs of the appellant.